| | | |
|---|---|---|
| TIMOTHY CRAIG DENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:26-CV-143-KAC-DCP |
| | ) | |
| UNITED STATES GOVERNMENT, | ) | |
| GARY PRICE, KNOX COUNTY | ) | |
| DISTRICT ATTORNEY'S OFFICE, | ) | |
| TENNESSEE BUREAU OF | ) | |
| INVESTIGATION, KNOXVILLE CITY | ) | |
| ORGANIZED CRIME, and ROGER D. | ) | |
| WILSON DETENTION FACILITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Craig Denton, a state prisoner, filed (1) a pro se complaint alleging that his service as a confidential informant for law enforcement led to his current imprisonment and danger to him in his current facility and in any Tennessee correctional facility, among other things [Doc. 2];[1] (2) a motion for leave to proceed in forma pauperis [Doc. 1]; (3) a motion to appoint counsel [Doc. 9]; and (4) a motion for an emergency hearing [Doc. 10]. For the reasons below, the Court (1) **GRANTS** his motion for leave to proceed *in forma pauperis* [Doc. 1] and (2) **DISMISSES** this action without prejudice.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who brings a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's Motion shows that he lacks sufficient financial resources to pay the filing fee

---

[1] Unless otherwise noted, all citations to the record are to this action 3:26-CV-143-KAC-DCP.

in a lump sum [*See* Doc. 1]. So, under 28 U.S.C. § 1915, the Court **GRANTS** the Motion [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the Complaint. 28 U.S.C. § 1915(b) (1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account **MUST** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II. REVIEW OF COMPLAINT

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the

2

PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Supreme Court has instructed courts to liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

Here, on March 23, 2026, Plaintiff filed suit under Section 1983, alleging that his service as a confidential informant for law enforcement places him in danger at the Roger D. Wilson Detention Facility and any other Tennessee correctional facility [Doc. 2]. But Plaintiff has already raised similar allegations before this Court. Specifically, and most recently, on February 17, 2026, he filed a complaint in this Court that made substantively similar allegations [*See* 3:26-CV-69-KAC-DCP, Doc. 2]. That action is still pending before the Court and arises out of the same factual circumstances as the instant action [*Id*; *see also* Doc. 2].

There are three (3) differences between the allegations Plaintiff raised in his February 2026 action and this action. First, Plaintiff named the "United States Government" as a defendant in this action [*See* Doc. 2 at 1, 3]. Second, he named the "Roger D. Wilson Detention Facility" as a defendant in this action [*See id.* at 3]. And finally, liberally construed, he added a claim for failure

3

to investigate in this action [*See id.* at 3-4 ].  The remainder of this action is "on all fours" with Plaintiff's February 2026 action.  *See Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997).

"The doctrine of duplicative litigation allows a district court to stay or dismiss a suit that is duplicative of another federal court suit using its general power to administer its docket." *See Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (cleaned up); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  The rule against duplicative litigation, also known as the rule against claim splitting, "requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit."  *See Waad*, 762 F. App'x at 263 (Moore, J., concurring) (citing *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)).  Under this doctrine, the Court must determine "whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis." *Id.* (citing Katz, 655 F.3d at 1219).  And the Court is "well within its discretion" to dismiss suits "pursuant to the doctrine of nonmutual claim or issue preclusion."  *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992).

In this action, to the extent any claims survive initial screening, those claims are duplicative of Plaintiff's February 2026 action.  Starting with the "United States Government," any Section 1983 claims against it fail because it is not subject to suit under Section 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[2]  *Franklin v. Henderson*, 15 F. App'x 205, 207 (6th Cir. 2001).

---

[2] *Bivens* extends the protections afforded under Section 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n. 36 (5th Cir. 2003).

4

Any claim against the Roger D. Wilson Detention Facility is similarly deficient. The detention facility is not subject to suit under Section 1983. *See Eldridge v. Tackett*, No. 21-5396, 2021 WL 8155163, at *2 (6th Cir. Sept. 7, 2021) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam)). Even liberally construing the claim against the facility as a claim against Knox County (which is an entity subject to suit under Section 1983), the claim fails. The Complaint alleges no facts from which the Court can plausibly infer that "execution of [Knox County's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] [any] injury" to Plaintiff, as is required to state a plausible claim against Knox County under Section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Moreover, the Complaint states that Plaintiff seeks only injunctive relief for his claims [Doc. 2 at 16-17]. But Plaintiff is no longer incarcerated at the Roger D. Wilson Detention Facility, [*see* Doc. 2 at 2], so any request for injunctive relief from Knox County arising from his incarceration at the Roger D. Wilson Detention Facility is moot, *see Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility).

Finally, the Complaint seeks to hold defendants liable for not investigating Plaintiff's claims after Plaintiff notified them of his claims [*See* Doc. 2 at 3]. But Plaintiff does not have a constitutional right to an investigation of his claims. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

So, the Complaint fails to state a claim (1) against the United States Government, (2) against the Roger D. Wilson Detention Facility, and (3) for failure to investigate. And what remains in the Complaint in this action is "on all fours" with Plaintiff's February 2026 action. *See*

5

*Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997); *Waad*, 762 F. App'x at 263 (Moore, J., concurring).  So, the remainder of this action is duplicative of the February 2026 action.  *See Waad*, 762 F. App'x at 260; *Randles*, 965 F.2d at 93.  Therefore, the Court **DISMISSES** what remains of this action **without prejudice** as duplicative, and the Court will address Plaintiff's remaining claims in his February 2026 action.

### III.    CONCLUSION

For the reasons above:

1.    The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2.    The custodian of Plaintiff's inmate trust account **MUST** submit the filing fee to the Clerk in the manner set forth above;

3.    The Clerk **MUST** mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy; and

4.    The Court **DISMISSES** this action **without prejudice**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24.  So, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal in forma pauperis.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.  No claims remain in this action.  An appropriate judgment will enter**.**

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

6